**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Stuart Robinson, | No. CV-23-02334-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| BMO Bank NA, | |
| Defendant. | |

Plaintiff Barbara Stuart Robinson ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).[1]

**I.    Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff has also filed a Declaration (Doc. 7) in support of her Complaint.

*See* 28 U.S.C. § 1915(e)(2)(B).[2]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

---

[2] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[3] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

*Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II. Statutory Screening

Plaintiff has filed suit against Defendant BMO Bank NA ("BMO Bank"). Plaintiff alleges that, after she asked BMO Bank about pending funds that never posted to her account, BMO Bank retaliated against her when it "intentionally withheld [her] pending funds that [were] refunded by merchant due to BMO Bank['s] malicious motives and intent the control the customer FDIC[4] inquiry to post available funds." (Doc. 1 at 6). Plaintiff characterizes her claim as one for "unconstitutional retaliation of FDIC insurer and customer rights, on violation of individual rights protected under the Ninth Amendment." (*Id*. at 7). For relief, Plaintiff seeks $36,000 compensation for her pain, suffering, and emotional distress caused after BMO Bank withheld the pending funds. (*Id*. at 4–5, 7). Plaintiff also seeks punitive damages. (*Id*. at 7).

Plaintiff seeks to invoke this Court's federal question jurisdiction by asserting BMO Bank violated her constitutional rights under the Ninth Amendment. (*Id*. at 3). The Court will liberally construe Plaintiff's claims as brought under 42 U.S.C. § 1983, which creates a private right of action for a plaintiff to assert a violation of their federal constitutional rights. To state a Section 1983 claim, a plaintiff must allege both (1) "the deprivation of a right secured by the federal Constitution or statutory law," and (2) "that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48

---

[4] Plaintiff neglects to define her use of "FDIC." The Court assumes Plaintiff's intent to reference the Federal Deposit Insurance Incorporation.

- 3 -

(1988)).

As to the first element, the Ninth Amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. However, the "[N]inth [A]mendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986), *cited with approval in Nickler v. Cty. of Clark*, 752 F. App'x 427, 429 (9th Cir. 2018); *Sanborn v. Kale*, 2021 WL 4777548, at *3 (W.D. Wash. Sep. 22, 2021). Furthermore, as to the second element, BMO Bank is a private entity and Plaintiff does not allege that BMO Bank was acting under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (holding private party may, under limited circumstances, act under color of state law when it "is a willful participant in joint action with the State or its agents"); *see also Riter v. Wacker*, 2020 WL 406374, *3–4 (D. Haw. Jan. 24, 2020) (finding that the *pro se* plaintiffs failed to allege in their purported Section 1983 claim that the bank defendant acted under color of state law or is a state actor). Plaintiff thus fails to state a cognizable Section 1983 claim for which relief can be sought.

**III.   Leave to Amend**

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "First Amended

Complaint." Plaintiff should tell her case's story in a short and plain manner then states each claim or cause of action in a separate count, alleging facts that satisfy all of the elements of the claims she is bringing. For example, to the extent Plaintiff intends to bring a Section 1983 claim, she must sufficiently allege that a party acting under state law violated her rights secured by either the constitution or a federal statute. Additionally, that deprived right must provide for a private cause of action.

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[5] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[6] Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

**IV.    Warning**

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with

---

[5] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[6] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 11th day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge