**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Stuart Robinson, | No. CV-23-02334-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| BMO Bank NA, | |
| Defendant. | |

In its January 12, 2024, Order (Doc. 11) (the "January Order"), the Court permitted *pro se* Plaintiff Barbara Stuart Robinson ("Plaintiff") to proceed *in forma pauperis* ("IFP") but dismissed her Original Complaint (Doc. 1) against Defendant BMO Bank NA ("BMO Bank") for failing to state a claim upon which relief may be granted. Plaintiff has since filed a First Amended Complaint ("FAC") (Doc. 12). The Court will now screen the FAC under 28 U.S.C. § 1915(e)(2).

**I.   Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

*Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement."  *Id*. at 557.

To determine whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)1915(e)(2)(B)(ii), the Court applies the same standards as those required under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1127).  The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.  2010)).  In line with this principle, the Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *Lopez*, 203 F.3d at 1130.  However, if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

**II.	Statutory Screening**

The Court liberally construed Plaintiff's Original Complaint as invoking the Court's federal question jurisdiction by alleging a violation of Plaintiff's Ninth Amendment constitutional rights under 42 U.S.C. § 1983, which creates a private right of action for a plaintiff to assert a violation of their federal constitutional rights. (Doc. 11 at 3). The Court found Plaintiff failed to state a Section 1983 claim, but allowed her to file an amended complaint.  (*See generally id*.)  The Court emphasized to Plaintiff that in order to bring a Section 1893 claim, she "must sufficiently allege that a party acting under state law violated her rights secured by either the constitution or a federal statute. Additionally, that deprived right must provide for a private cause of action." (*Id*. at 5).

Plaintiff has since filed an FAC against BMO Bank.  Plaintiff re-alleges that she

- 3 -

made an "FDIC request"[3] to BMO Bank to make pending funds that never posted to her account available to her. (Doc. 12 at 6). Plaintiff claims BMO Bank retaliated against her thereafter by "issu[ing] her pending funds and then few Minutes later took it back and sent the plaintiff account into the negative 2x ( twice in the same week ) without cause, causing extreme pain and emotional suffering due to their own failures[.]" (*Id*.) Plaintiff amended her Original Complaint in the FAC to bring a Section 1983[4] claim for violation of state laws under A.R.S. §§ 6-181, 6-231. (Doc. 12 at 7). For the following reasons, the Court dismisses Plaintiff's FAC for failing to state a claim for which relief can be granted.

### A.   Subject Matter Jurisdiction Standards

Federal courts are obligated to examine complaints for subject-matter jurisdiction on their own initiative. *See e.g., Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434—35 (2011) (stating "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). There are two primary sources of federal court jurisdiction: 28 U.S.C. § 1331, federal question or "arising under" jurisdiction; and 28 U.S.C. § 1332, diversity jurisdiction. Federal courts have federal question jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. The FAC establishes neither.

### B.   Federal Question Jurisdiction

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). As stated in the January Order, a plaintiff must

---

[3] Plaintiff neglects to define her use of "FDIC." The Court assumes Plaintiff intended to reference the Federal Deposit Insurance Incorporation.

[4] Unless where otherwise noted, all Section references are to Title 42 of the United States Code.

allege two essential elements to state a claim under Section 1983: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) and *West v. Atkins*, 487 U.S. 42, 48 (1988)).

To start, Plaintiff has not pled a violation of any federal right. Plaintiff only alleges violations of state statutes—namely, A.R.S. §§ 6-181, 6-231—which will not do. Indeed, "Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law." *Galen v. City of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007)) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir. 1997)); *Price v. Akaka*, 915 F.2d 469 (9th Cir. 1990) ("[A Section] 1983 plaintiff must allege deprivation of federal, not state, right.") (citing *Parratt v. Taylor*, 451 U.S. 527, 536 (1981); *Canell v. Or. Dep't of Justice*, 811 F. Supp. 546, 550 (D. Or. 1993) ("[O]nly violations of the federal constitution or federal law are cognizable under 42 U.S.C. § 1983, not state law violations."). Plaintiff has failed to identify any right secured by the *federal* Constitution or *federal* statutory law that BMO Bank supposedly violated for the purpose of the first element.

As to the second element, BMO Bank is a private entity and Plaintiff still has not made any effort to allege that BMO Bank was acting under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (holding private party may, under limited circumstances, act under color of state law when it "is a willful participant in joint action with the State or its agents"); *see also Riter v. Wacker*, 2020 WL 406374, *3–4 (D. Haw. Jan. 24, 2020) (finding that the *pro se* plaintiffs failed to allege in their purported Section 1983 claim that the bank defendant acted under color of state law or is a state actor). Therefore, Plaintiff has not satisfied element two for the same reasons as her Original Complaint. (*See* Doc. 11 at 4).

In sum, the FAC fails to state a Section 1983 claim for which relief can be granted.

**C.    Diversity Jurisdiction**

Furthermore, the Court cannot ascertain whether it has diversity jurisdiction based

- 5 -

on the inconsistencies in the FAC. Federal courts have diversity jurisdiction when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, "background principles of law indicate that 'good faith' allegations must be consistent with plausibility pleading standards" and so "courts do not 'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 962–963 (C.D. Cal. 2023) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *see Osornio v. Geico*, 2020 WL 4455436, at *5 (D. Ariz. Apr. 15, 2020) (requiring more specific allegations regarding the alleged amount in controversy).

Plaintiff represents that BMO Bank is a corporation that maintains its principal place of business in Arizona and is incorporated under the laws of Arizona. (Doc. 12 at 4). However, Plaintiff lists her residential address in Tacoma, Washington—in which case there may be diversity jurisdiction—while also stating that she is a resident of Arizona—in which case diversity jurisdiction is not possible. (*Compare id.* at 1 *with id.* at 4). Furthermore, Plaintiff's demand for "$362,000 for Non Economic Relief. Punitive Award Undetermined at this time" is facially deficient to satisfy the good-faith standard required for the threshold amount in controversy requirement because it is unsupported by any explanation. *See Licea*, 655 F. Supp. 3d at 962–963; *Osornio*, 2020 WL 4455436, at *5. Thus, the FAC does not satisfy any of the elements for diversity jurisdiction.

Regardless, neither A.R.S. § 6-181 nor A.R.S. § 6-231 creates a private cause of action for an individual to bring a lawsuit because the statues do not create any individual rights. A.R.S. § 6-181 is the "Declaration of purposes" for Chapter 2, "Bank organization and regulation." A.R.S. § 6-231 simply states that "[a] bank may maintain all types of deposit accounts and prescribe such terms and conditions relating to the accounts as are

permissible for the bank to maintain the insurance on its deposits by the federal deposit insurance corporation." In other words, even if this Court has diversity jurisdiction over this matter, Plaintiff has still failed to state any claim for which relief can be sought under either federal or state law.

Although it is doubtful that Plaintiff can cure the deficiencies in her FAC, the Court will give her one more opportunity to file an amended complaint in light of its duty to liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *See Hebbe*, 627 F.3d at 342.

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's FAC must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "Second Amended Complaint." Plaintiff should tell her case's story in a short and plain manner then states each claim or cause of action in a separate count, alleging facts that satisfy all of the elements of the claims she is bringing. **For example, to the extent Plaintiff intends to invoke the Court's federal question jurisdiction via a Section 1983 claim, she must sufficiently allege that BMO Bank (1) violated her rights secured by either the United States constitution or a federal statute; and (2) did so while willfully participating in joint action with the State or its agents. Additionally, the alleged deprived right must provide for a private cause of action. To the extent Plaintiff intends to invoke the**

**Court's diversity jurisdiction, Plaintiff much allege (1) there is a complete diversity of citizenship among the parties,** *i.e.*, **no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00.** *See* **28 U.S.C. § 1332. The alleged amount in controversy must also be claimed in good faith and with sufficient underlying factual support.**

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[5] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. See Fed. R. Civ. P. 8(a)(1). The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[6]  Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. Id. at 925.

**IV.    Warning**

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. See *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court

---

[5] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[6] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-representedlitigants.

may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 12) is dismissed with leave to file a Second Amended Complaint within thirty (30) days of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 9th day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge