**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Stuart Robinson, | No. CV-23-02334-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| BMO Bank NA, | |
| Defendant. | |

In its January 12, 2024, Order (Doc. 11), the Court permitted *pro se* Plaintiff Barbara Stuart Robinson ("Plaintiff") to proceed *in forma pauperis* ("IFP") but dismissed her Original Complaint (Doc. 1) against Defendant BMO Bank NA ("BMO Bank") for failing to state a claim upon which relief may be granted. In its May 9, 2024, Order (Doc. 14), the Court dismissed Plaintiff's First Amended Complaint (Doc. 12) ("FAC") for failing to cure the deficiencies in her Complaint. With the Court's permission, Plaintiff has since filed a Second Amended Complaint ("SAC") (Doc. 16). The Court will now screen the SAC under 28 U.S.C. § 1915(e)(2).

**I.     Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

To determine whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)1915(e)(2)(B)(ii), the Court applies the same standards as those required under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1127). The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). In line with this principle, the Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. However, if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. Statutory Screening

The Court liberally construed Plaintiff's FAC to invoke the Court's federal question jurisdiction and bring a claim under 42 U.S.C. § 1983 for violation of state laws under A.R.S. §§ 6-181, 6-231. (Doc. 14 at 4–5). The Court found that, for the second time, Plaintiff failed to state a Section 1983[3] claim because she inappropriately alleged violations of state statutes instead of federal law and failed to make any effort to claim that BMO Bank was acting under color of state law. (*Id*. at 5). Although doubtful that Plaintiff could cure the deficiencies in her FAC, the Court allowed her to file another amended complaint. (*Id*. at 7). The Court emphasized to Plaintiff that to "invoke the Court's federal question jurisdiction via a Section 1983 claim, she must sufficiently allege that BMO Bank

---

[3] Unless where otherwise noted, all Section references are to Title 42 of the United States Code.

1  (1) violated her rights secured by either the United States constitution or a federal statute;
2  and (2) did so while willfully participating in joint action with the State or its agents.
3  Additionally, the alleged deprived right must provide for a private cause of action."
4  (*Id.* at 7–8).

Plaintiff has since filed an SAC against BMO Bank.  Plaintiff re-alleges that she made an "FDIC request"[4] to BMO Bank to make pending funds available to her. (Doc. 16 at 1).  Plaintiff re-claims BMO Bank retaliated against her thereafter by "issu[ing] her pending funds and then few Minutes later took it back and sent the plaintiff account into the negative 2x ( twice in the same week ) without cause, causing extreme pain and emotional suffering due to their own failures[.]"  (*Id.* at 1–2).  Plaintiff again seeks to bring a Section 1983 claim for deprivations of rights secured to her under A.R.S. §§ 6-181, 6-231.  (*Id.* at 4).  A.R.S. § 6-181 is the "Declaration of purposes" for Chapter 2, "Bank organization and regulation."  A.R.S. § 6-231 states that "[a] bank may maintain all types of deposit accounts and prescribe such terms and conditions relating to the accounts as are permissible for the bank to maintain the insurance on its deposits by the federal deposit insurance corporation."  Plaintiff claims she suffered harm "due to Banks Failure of Declaratory purposes being given or provided the BMO did not ensure its purpose to 1. Safe and sound conduct of banks.  2. Maintenance of public confidence in banks. 3. Protection of the interests of depositors and fiduciary beneficiaries and of the interests of the public in the soundness and preservation of the banking system[.]"  (Doc. 16 at 4).

The factual allegations and causes of actions claimed in the FAC are the same as those in the SAC.  Although it is apparent that Plaintiff amended the "statement of claim" section in her SAC to list out the requisite legal elements of a Section 1983 claim (Doc. 16 at 4), Plaintiff again neglects to allege any facts to support the existence of those elements.  Therefore, Plaintiff has failed to cure the deficiencies in the FAC and her SAC is dismissed for the same reasons set forth in the May 9, 2024, Order.  Plaintiff still has not pled a violation of any federal right, and Plaintiff cannot bring a Section 1983 claim based

---

[4] Plaintiff neglects to define her use of "FDIC." The Court assumes Plaintiff intended to reference the Federal Deposit Insurance Incorporation.

on violations of Arizona state statutes. *See Galen v. City of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Price v. Akaka*, 915 F.2d 469 (9th Cir. 1990) ("[A Section] 1983 plaintiff must allege deprivation of federal, not state, right."); *Canell v. Or. Dep't of Justice*, 811 F. Supp. 546, 550 (D. Or. 1993) ("[O]nly violations of the federal constitution or federal law are cognizable under 42 U.S.C. § 1983, not state law violations."). Plaintiff continuously fails to make any effort to allege that BMO Bank was acting under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (holding private party may, under limited circumstances, act under color of state law when it "is a willful participant in joint action with the State or its agents"). Under the facts re-alleged in the SAC, it is apparent that any amendment would be futile as there are no circumstances indicating that BMO Bank acted in participation with the State or its agents when handling Plaintiff's pending funds in her bank account. *See Riter v. Wacker*, 2020 WL 406374, *3–4 (D. Haw. Jan. 24, 2020) (dismissing *pro se* plaintiffs' complaint with prejudice in part because they neglected to allege in their purported Section 1983 claim that the bank defendant acted under color of state law or is a state actor). Furthermore, the Court has already explained to Plaintiff that neither A.R.S. § 6-181 nor A.R.S. § 6-231 creates a private cause of action for an individual to bring a lawsuit because the statues do not create any individual rights. (Doc. 14 at 6–7). Thus, any amendment to the SAC would be futile. The Court will therefore dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Amended Complaint (Doc. 16) is **dismissed with prejudice**. The Clerk of Court is kindly directed to terminate this matter.

Dated this 11th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge